UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERTO OROPEZA, | CASE NO. 10 cr 307 BEN |
|---|---|
| Movant, | CASE NO. 11 cv 2197 BEN |
| vs. | **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Roberto Oropeza has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion is denied.

Oropeza was sentenced to 70 months in prison following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. The sentence was affirmed on direct appeal. *United States v. Oropeza*, No. 10-50428, 451 Fed. App'x. 653 (9th Cir. Oct. 3, 2011). Raising three grounds, Oropeza now seeks § 2255 relief.

Oropeza first claims he received ineffective assistance of counsel. He argues that his attorney failed to investigate and correct his prior state convictions because his prior state convictions occurred without counsel's advice of potential adverse collateral immigration consequences. In 2010, the U.S. Supreme Court decided *Padilla v. Kentucky*, 130 S. Ct. 1473. *Padilla* holds that an attorney must advise his

criminal client of the immigration consequences of entering a guilty plea. Relying on *Padilla*, Oropeza claims that since his earlier state convictions were based on flawed guilty pleas, his attorney in this case had a duty to go back and collaterally attack the state convictions as part of his representation on the federal charge in the present case. He claims his attorney's failure to do so here is, in effect, a double *Padilla* violation.

It was an open question at the time Oropeza filed this motion. It is now a closed question. Recently, the U.S. Supreme Court decided that *Padilla* does not apply retroactively. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013). *Chaidez* holds that *Padilla* does not apply retroactively and that "defendants whose convictions became final prior to *Padilla* . . . cannot benefit from its holding." *Id.*; *see also Torres v. United States*, No. 11-35950, slip op., __ Fed. App'x. __ (9th Cir. Mar. 14, 2014) (affirming denial of § 2255 motion because *Chaidez* forecloses collateral attack on convictions predating *Padilla*); *United States v. Vy Thi Thach*, No. 11-35435, slip op., 515 Fed. App'x. 668 (9th Cir. Apr. 9, 2013) (affirming denial of writ of *coram nobis* because *Chaidez* applies to collateral attacks on federal convictions). Because his state convictions became final earlier than 2010 (the year *Padilla* was decided), *Chaidez* forecloses Oropeza's claim of ineffective assistance of counsel in this case.[1]

Oropeza next claims relief based upon his assertion that the Ninth Amendment and the Vienna Convention were violated when his attorney did not advise him of his right to contact the Mexican Consulate. The arrest record provides clear evidence that Oropeza was advised by arresting officers of his Vienna Convention rights to contact the Mexican Consulate. See Exhibit "A" to Government's Response and Opposition (filed 3/2/12) at Dkt. 54-1. There is no authority cited, or found, to support his claim that his counsel should have advised or re-advised him of

---

[1] Because *Chaidez* bars the way to collaterally attacking his prior state court convictions, his motion to stay and abey this case (Dkt. No. 48) is also denied.

the right. There is also no authority cited, or found, that supports his claim that the Ninth Amendment grants an alien a right to contact his country's consulate upon arrest in the United States. Thus, there is no basis for claiming ineffective assistance where his counsel fails to do so. This second claim does not merit § 2255 relief.

Oropeza finally claims that his counsel failed to advise him of the effect of his guilty plea waiver of the rights to appeal and collaterally attack. However, Oropeza pleaded guilty without a plea agreement. With no plea agreement, there was no waiver of appeal and collateral attack rights. In fact, at the sentencing hearing, this Court specifically advised Oropeza that he did have a right to appeal. Thus, there was no waiver issue and his counsel was not ineffective for failing to explain the non-existent waiver. The third claim does not merit § 2255 relief.

## CONCLUSION

In accordance with the conclusions set forth above, Oropeza's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Oropeza has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 26, 2014**

**Hon. Roger T. Benitez**
**United States District Judge**